RHEUBOTTOM ET AL. VS. SADLER, EXR.

Where one of several defendants dies before verdict, his death ought to be suggested upon the record; but the refusal of the Court to permit the suggestion to be made, is no cause for reversal or error, if the judgment be rendered against the survivors only.

*Error to Johnson Circuit Court.*

Hon. WILLIAM H. FEILD, Special Judge.

CUMMINS & GARLAND, for the plaintiffs.

The entry on the record that the parties or defendants appeared, has reference to, and means only that those defendants, who are under legal obligation to appear—those served duly and in time with process: and it is error to enter judgment against those who have not appeared in name; or on whom there is no service of process, and the motion to arrest, by Dickson Logan, should have been sustained. *Woolford et al. vs. Howell,* 2 *Ark.* 1; *Vialet vs. Waters,* 1 *J. J. Marsh.* 303; *Dean vs. McNulty,* 2 *Sm. & Marsh.* 113; *Pittman vs. Planter's Bank,* 1 *How. Miss. Rep.* 527; 2 *Bibb* 388; 4 *Hen. & Munf.* 293.

A judgment rendered against a person after his death is void as to him, and his co-defendants. *Sec.* 10, *p.* 99 *Dig.; Jennings vs. Ashley & Beebe,* 5 *Ark.* 128; 2 *Tidd's Pr.* 846; 1 *Strange* 426; 9 *Ib.* 917; 6 *Mod.* 191. The motion to set aside the judgment was therefore improperly overruled.

JORDAN, for the defendant.

The Court, in favor of the judgment of the Court below, may well presume that the judgment was entered in accordance

with the verdict; or that Boon Logan never appeared to the action, there being no specific act on his part showing that he made himself a party. 15 *Ark.* 118; 13 *Ib.* 225; 1 *J. J. Marsh.* 303.

The rights of the defendants are in the same condition as though the death of Boon Logan had been suggested, and the suit ordered to abate as to him, and a judgment entered against the other three. 1 *Bays Rep.* 449; 6 *Yerg.* 491; 3 *Stew.* 38, 288; 6 *Greenl.* 427; 7 *Mass.* 393.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 16th of March, 1852, James Murphy commenced an action of trover for a slave against William Rheubottom, Ellison Logan, *Boon Logan,* and Dickson Logan, in the Circuit Court of Johnson county.

The clerk states that the writ, with the return thereon, had been mislaid, and could not be found.

At the March term, 1852, the death of Murphy was suggested, and the cause revived in the name of Rufus C. Sadler, as his executor.

At the September term, 1853, it appears that the following record entry was made:

" Rufus C. Sadler, as executor of the last will of James Murphy, deceased, *Plaintiff.*

vs.

William Rheubottom, Ellison Logan, *Boon Logan* and Dickson Logan, *Defendants.*

And now, on this day, the said defendants came, by their attorney, and for plea, in this behalf, say that they are not guilty of the grievances above laid to their charge in manner and form as the said plaintiff has, in his said declaration alleged, and of this they put themselves upon the country— which said plea is, by consent of parties, taken in short upon the record; and by consent of the parties this cause stands continued until the next term."

At the September term, 1855, the record states that the "said

32

parties came by their respective attorneys," and, on motion of the plaintiff, the cause was continued.

At the March term, 1856, there is a record entry, in which the names of the parties are all stated, as above, and then follows: "And on this day came the said parties, by their respective attorneys, and, to try the issue joined in this cause, came a jury, to-wit: etc., etc.; and, after hearing the evidence, etc., etc., returned into court with the following verdict: We, the jury, do find the defendants guilty, in manner and form, as charged in the within declaration, and do assess the plaintiff's damages at five hundred dollars:

" It is, therefore, considered by the Court that the said Rufus C. Sadler, as executor as aforesaid, do have and recover of and from the said William Rheubottom, Ellison Logan, and Dickson Logan, as well the said sum of five hundred dollars for his damages, so by the jury assessed as aforesaid, as also his costs," etc.

It appears that Dickson Logan filed a motion in arrest of judgment, which the Court overruled. The grounds of the motion do not appear in the record before us.

On the next day after the judgment was rendered, the defendant, Rheubottom, filed a motion, stating that the defendant, *Boon Logan*, died before the commencement of the term, whereby the suit abated as to him; and asking that the suggestion of his death be noted upon the record, and that the verdict and judgment be set aside.

Appended to the motion was the affidavit of the clerk of the court, stating that *Boon Logan* died before the commencement of the term.

The Court overruled the motion, and Rheubottom excepted.

The defendants Rheubottom, Ellison Logan, and Dickson Logan, brought error, reciting, in the writ, the death of *Boon Logan*.

At what time the Court below was first informed of the death of *Boon Logan*, does not appear from the record before us; but that the Court was, in some way, advised of his death before

the judgment was rendered, is to be presumed, because no judgment was rendered ·against him. If the judgment had been rendered against him, as well as the other defendants, he having died before verdict, the judgment would have been void as to him; and reversible as to the other defendants. See *Dig.*, *ch.* 1, *sec.* 10; *Jennings vs. Ashley et al.*, 5 *Ark.* 128; *Borden vs. State*, 6 *Eng.* 519.

The Court should have permitted the death of Boon Logan to be suggested upon the record, but we do not see how the plaintiffs in error were prejudiced by such omission.

The judgment is affirmed.